**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANTONIO CASTILLO,
ALEXANDER MENDEZ,
JOSE MIGUEL LOPEZ,
NICHOLAS LOVE,
RAUL CASTRILLO,
JAVIER EXPOSITO,
JESSICA COBAS,
MARGARELYS FLORES,
NALLELY FERNANDES,
MARIANGEL VILLAREAL, and
ZHUO CHOI

    *Plaintiffs,*
v.

SHOMA GROUP, LLC,
a Florida Limited Liability Company d/b/a
SHOMA BAZAAR

    *Defendant.*
_____/

CASE NO.:

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiffs, ANTONIO CASTILLO, ALEXANDER MENDEZ, JOSE MIGUEL LOPEZ, NICHOLAS LOVE, RAUL CASTRILLO, JAVIER EXPOSITO, JESSICA COLBAS, MARGELYS FLORES, NALLELY FERNANDES, MARIANGEL VILLAREAL, and ZHUO CHOI (collectively, "Plaintiffs"), pursuant to 29 U.S.C. §§ 201 - 219, and Art. X, Sec. 24 of the Florida Constitution, file this Complaint for Damages and Demand for Jury Trial against Defendant, SHOMA GROUP, LLC, d/b/a SHOMA BAZAAR ("Shoma Bazaar" or "Defendant"), for its failure to pay Front of the House employees state and federal minimum wages, as follows:

## INTRODUCTION

1. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act ("FMWA"), and Art. X, Sec. 24 of the Florida Constitution, to recover compensation and other relief.

2. Defendant committed federal and state minimum wage violations because it improperly allowed Supervisors and Managers in the tipping pool and improperly kept Plaintiffs' tips.

3. As a result, Plaintiffs have been denied federal and state minimum wages and tips during various workweeks within the relevant time period.

## PARTIES

4. During all times material hereto, Plaintiff ANTONIO CASTILLO was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

5. During all times material hereto, Plaintiff ALEXANDER MENDEZ was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

6. During all times material hereto, Plaintiff JOSE MIGUEL LOPEZ was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

7. During all times material hereto, Plaintiff NICHOLAS LOVE was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

8. During all times material hereto, Plaintiff RAUL CASTRILLO was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

9. During all times material hereto, Plaintiff JAVIER EXPOSITO was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

10. During all times material hereto, Plaintiff JESSICA COLBAS was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

11. During all times material hereto, Plaintiff MARGELYS FLORES was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

12. During all times material hereto, Plaintiff NALLELY FERNANDES was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

13. During all times material hereto, Plaintiff MARIANGEL VILLAREAL was a resident of Miami-Dade County, Florida, over the age of 18 years, and otherwise *sui juris*.

14. Plaintiffs are non-exempt Front of the House employees who worked for Defendant at their food hall establishment, known as Shoma Bazaar, located at 9420 NW 41st St, Doral, FL 33178.

15. Plaintiffs were hired as bartenders or barbacks at Defendant's Shoma Bazaar food hall and were 'tipped' non-exempt employees, as defined under the FLSA.

16. Defendant is believed to have records identifying the exact dates when they employed Plaintiffs as front-of-the-house tipped employees.

17. During all times material hereto, Defendant was a Florida limited liability company operating and transacting for-profit business within Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

18. Defendant Shoma Group, LLC, operates under the fictitious name of "Shoma Bazaar Food Hall," a food hall in Miami, Florida.

19. During all times material hereto, Defendant owned, operated, and controlled the Shoma Bazaar food hall located at 9420 NW 41st St, Doral, FL 33178.

20. Defendant was the Plaintiffs' "employer" as defined by the FLSA and FMWA during all times pertinent to the allegations herein.

21. During all times material hereto, Defendant was vested with control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the Shoma Bazaar food hall.

22. Defendant implements uniform pay, tip, and time-keeping practices at the Shoma Bazaar food hall that apply to all Front of the House employees.

## JURISDICTION AND VENUE

23. This Court has original jurisdiction over the Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq.*, and supplemental jurisdiction over the Plaintiff's claims arising under Florida law pursuant to 28 U.S.C. §1367 and/or 28 U.S.C. §1343.

24. Defendant regularly transacts business in Miami-Dade County, Florida, and jurisdiction is therefore proper.

25. The acts or omissions in this dispute occurred within Miami-Dade County, Florida.

26. Venue in this Court is proper under 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, and because Plaintiffs worked in Miami-Dade County, were paid in Miami-Dade County, and were due to be paid the tips that they earned in Miami-Dade County.

27. Plaintiffs fulfilled all conditions precedent required to bring their claims under the FMWA.

28. More specifically, on January 10, 2024, Plaintiffs, through their counsel, served Defendant with a written pre-suit demand notice regarding their FMWA claims, requesting Defendant to pay them the minimum wages owed to them.

29. As of the filing of this lawsuit, Defendant refuses to pay Plaintiffs any wages or tips wrongfully appropriated by Defendant.

## FLSA COVERAGE

30. Defendant is an enterprise covered by the FLSA because Shoma Bazaar engaged in commerce and in the production of goods for commerce, in that Defendant had at least two or more employees engaged in commerce and in the production of goods for commerce, and two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

31. During all time periods pertinent hereto, Defendant's employees regularly handled goods and materials such as food, beverages, napkins, silverware, appliances, rice, beer, Corona Extra, Corona Light, vodka, Jack Daniels whiskey, meat, chicken, pork, cheese, broccoli, carrots, peas, oil, zucchini, wings, mahi mahi, salmon, onions, peppers, crab, shrimp, beef, steak, potatoes, bread, hot sauce, BBQ sauce, cheese, buns, jalapenos, celery sticks, lobster broth, yellowfin tuna, plum tomatoes, cauliflower, avocados, taco shells, fajitas, salt, other food items, restaurant equipment, chairs, tables, vacuum cleaners, pens, paper, receipts, computers, credit card processors, staples, toothpicks, mints, flour, sugar, coffee, tea, soda, water bottles, and other materials that had previously traveled through interstate commerce.

32. Defendant had annual gross revenues over $500,000.00 in 2022 and 2023 and is expected to gross in excess of $500,000.00 in 2024.

## FACTS

33. Plaintiffs were bartenders and barbacks at the Defendant's establishment and were 'tipped' employees under the FLSA.

34. During the Plaintiffs' employment, Defendant claimed a 'tip-credit' for Plaintiffs and paid these employees below the statutorily required minimum wage under the FLSA.

35. For Defendant to claim a 'tip-credit,' the Plaintiffs must be informed of the provisions of the 'tip-credit,' and all tips received by the Plaintiffs must be absolutely retained by Plaintiffs and pooled with only 'tipped' employees.

36. However, Defendant failed to comply with the 'tip-credit' requirements pursuant to the FLSA by including non-'tipped' employees, including but not limited to managers or supervisors who received a portion of the Plaintiffs' tips when they were not 'tipped' employees.

37. Defendant's failure to comply with the FLSA 'tip-credit' requirements results in Defendant's inability to claim a 'tip-credit' for the Plaintiffs.

38. Defendant, unable to claim a 'tip-credit,' is required to therefore compensate Plaintiffs with, at least, the required minimum wage.

39. Defendant willfully refused to properly compensate Plaintiffs for minimum wage in violation of the FLSA, as the aforementioned 'tip-credit' was claimed despite the fact that Defendant had failed to comply with the 'tip-credit' requirements under the FLSA.

40. All records concerning the number of hours worked by Plaintiffs are in Defendant's exclusive possession and sole custody and control. Therefore, the Plaintiffs cannot state the exact amount due at this time.

41. Plaintiffs, however, will exert their collective diligent efforts to obtain such information by appropriate discovery proceedings, which will be taken promptly in this case, and if required, an amendment to this Complaint will be submitted to set forth an amount due by the Plaintiffs.

42. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable attorney's fee for all related services.

## COUNT I
## VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
## (TIP CONFISCATION)

43. Plaintiffs hereby re-alleges and re-avers Paragraphs 1 through 42 as though set forth fully herein.

44. Defendant employed Plaintiffs in its restaurant "Shoma Bazaar."

45. Under the FLSA, Defendant Shoma Bazaar is precluded from retaining any portion of the tips or overtips earned by its employees for any reason.

46. Under the FLSA, Defendant Shoma Bazaar is precluded from distributing any of its employees' tips or overtips to traditionally non-tipped employees (such as owners, officers, directors, partners, managers, or supervisors).

47. Defendant Shoma Bazaar disregarded the FLSA's prohibition on retaining the tips and/or overtips earned by its employees by keeping a portion of the tips and overtips left—either in cash or by credit card—by customers for Plaintiffs.

48. Defendant Shoma Bazaar disregarded the FLSA's prohibition on distributing any of its employees' tips or overtips to traditionally non-tipped employees by distributing such tips and/or overtips to its' managers or supervisors.

49. In addition to Defendant Shoma Bazaar placing managers or supervisors in the tipping pool, Shoma Bazaar incorrectly reported the amount of tips customers left for Plaintiffs in credit card transactions.

50. The amount of tips clients left on credit card transactions did not precisely reflect the amount of tips shared in the Plaintiffs' payroll system.

51. The amount of tips shared in the payroll system was less than the amount collected through credit cards.

52. As a direct and proximate result of Defendant retaining a portion of the tips and/or overtips earned by its employees and distributing a portion of the tips and/or overtips to traditionally non-tipped employees, such as its managers and supervisors, Defendant violated the FLSA and damaged Plaintiffs.

53. Plaintiffs are entitled to recover as damages all tips and overtips that Defendant improperly retained and/or that Defendant improperly distributed to traditionally non-tipped employees.

54. Defendant willfully and intentionally refused to pay Plaintiffs all the tips and overtips they earned/received during the relevant time.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, SHOMA GROUP, LLC, and award Plaintiffs and the putative collective: (a) the tips and overtips improperly withheld/distributed and an additional equal amount as liquidated damages, pursuant to 29 U.S.C. §§ 203(m)(2)(B) and 216(b); and (b) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT II
## VIOLATION(S) OF THE FAIR LABOR STANDARDS ACT
## (UNPAID MINIMUM WAGES)

55. Plaintiffs hereby re-alleges and re-avers Paragraphs 1 through 42 as though set forth fully herein.

56. Plaintiffs were entitled to be paid full federal minimum wage in one or more workweeks for certain hours worked during their employment with Defendant.

57. Defendant attempted to rely on the FLSA's tip credit but unlawfully permitted non-tipped employees (such as supervisors and managers) to participate in Defendant's tip pool along with Plaintiffs.

58. Defendant also required the Plaintiffs to surrender tips to non-tipped supervisors and managers.

59. Plaintiffs did not voluntarily share their tips with supervisors and managers.

60. Therefore, Defendant must return all tips unlawfully retained by supervisors and managers and pay Plaintiffs the tip credit claimed.

61. Plaintiffs seek to recover these federal minimum wages and tips under 29 U.S.C. § 216(b).

62. Defendant knew Plaintiffs were non-exempt, tipped employees but willfully failed to pay the Plaintiffs in accordance with the FLSA.

63. As a direct and proximate result of Defendant's unlawful pay practices, Plaintiffs have been damaged in the loss of federal minimum wages and tips for one or more weeks of work during their employment with Defendant.

64. Defendant's willful and/or intentional law violations entitle Plaintiffs to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, SHOMA GROUP, LLC, and award Plaintiffs and the putative collective: (a) unliquidated federal minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages; (e) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court deems just and reasonable under the circumstances.

## COUNT III
## VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
## UNPAID MINIMUM WAGES

65. Plaintiffs hereby re-alleges and re-avers Paragraphs 1 through 42 as though fully set forth herein.

66. Defendant violated the terms of F.S. § 448.110 and the Florida Constitution's minimum wage requirements by requiring Front of the House employees to share their tips with non-tipped employees (such as Supervisors and Managers).

67. Plaintiffs did not voluntarily share their tips with Defendant's Supervisors and Managers.

68. Defendant, therefore, forfeits any tip credit under Florida law and owes each Plaintiff at least $3.02 for each hour of work they performed.

69. Plaintiffs have complied with the pre-suit notice, and all other conditions precedent to this action have been performed or waived by sending Defendant a written pre-suit Florida Minimum Wage demand letter as required by Florida law before this claim was filed.

70. On January 10, 2024, Plaintiffs served Defendant with a written pre-suit Notice pursuant to Fla. Stat. § 448.110.

71. More than 15 days have passed since Plaintiffs served a written pre-suit Notice on Defendant, and Defendant has failed to tender full payment to Plaintiffs.

72. From September 30, 2021, through September 29, 2022, the Florida Minimum Wage was $10.00 per hour.

73. From September 30, 2022, through September 29, 2023, the Florida Minimum wage was $11.00 per hour.

74. Defendant violated the FMWA and Florida Constitution's provision on minimum wages by allowing supervisors and managers to participate in a tip pool with Plaintiffs.

75. Defendant was aware of the requirements of the FMWA and the pertinent regulations thereto but acted willfully in failing to pay the Plaintiffs in accordance with the law.

76. As a direct and proximate result of Defendant retaining a portion of the tips that should have been paid to its front-of-the-house tipped employees and/or distributing a portion of the tips to traditionally non-tipped employees (such as managers or supervisors), Defendant violated the FMWA.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, SHOMA GROUP, LLC, and award Plaintiffs: (a) unliquidated Florida minimum wage damages; (b) the tip credit unlawfully claimed by Defendant; (c) all tips unlawfully retained by Defendant; (d) liquidated damages; (e) all reasonable attorney's fees and costs permitted under Fla. Stat. § 448.110 and Florida law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## COUNT IV
## VIOLATION(S) OF THE FLORIDA MINIMUM WAGE ACT
## RETALIATION AGAINST ANTONIO CASTILLO

77. Plaintiffs hereby re-alleges and re-avers Paragraphs 1 through 42 as though fully set forth herein.

78. Plaintiff Antonio Castillo brings this claim under the Florida Minimum Wage Act, Florida Statutes §§ 448.101, 448.102, and 448.109 *et seq.* for Defendant's retaliatory conduct.

79. Defendant knew of Plaintiff Castillo's complaints of unpaid tips, unlawful tip confiscation, and violation of federal and state minimum wage laws, as Mr. Castillo made the complaints to Shoma Bazaar managers or supervisors.

80. Mr. Castillo's most recent complaint was made to general manager David (unknown last name) ("GM David") on or about May 6, 2024.

81. Mr. Castillo complained about Shoma Bazaar's unpaid tips, unlawful tip confiscation, and violations of federal and state minimum wage law.

82. Mr. Castillo had previously complained to the former general manager about Shoma Bazaar's unpaid tips, unlawful tip confiscation, and violation of federal and state minimum wage laws.

83. In conversation, GM David discovered Mr. Castillo had made previous complaints and how Mr. Castillo had to seek legal representation to enforce his rights.

84. Through the conversation, GM David became aware that Mr. Castillo was the "leader" in having the bartenders and bussers join the current lawsuit against Shoma Bazaar.

85. Mr. Castillo asked GM David to move on to another subject related to work and not this current lawsuit.

86. Shortly thereafter, on or about May 10, 2024, Plaintiff Castillo was not given any work hours for the upcoming week.

87. On May 13, 2024, Defendant terminated Mr. Castillo.

88. As a result of Defendant's actions, by and through the conduct of its agents, employees, or representatives, and Defendant's failure to make prompt remedial action to prevent unlawful tip confiscations and violations of state and federal minimum wage laws, deprived Mr. Castillo of statutory rights under state law.

89. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice and with disregard for his protected rights under the FMWA.

90. Defendant's alleged reasons for terminating Mr. Castillo are pretextual, as described above.

91. Plaintiff Castillo seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff Antonio Castillo respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, SHOMA GROUP, LLC, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and costs permitted under law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

### COUNT V
### VIOLATION(S) OF THE FLSA
### RETALIATION AGAINST ANTONIO CASTILLO

92. Plaintiffs hereby re-alleges and re-avers Paragraphs 1 through 42 as though fully set forth herein.

93. Plaintiff Antonio Castillo brings this claim under the Fair Labor Standards Act, 29 U.S. Code §§ 215 *et seq.* and 216 *et seq.* for Defendant's retaliatory conduct.

94. Defendant knew of Plaintiff Castillo's complaints of unpaid tips, unlawful tip confiscation, and unpaid minimum wages under the FLSA, as Mr. Castillo complained to Shoma Bazaar managers or supervisors.

95. Mr. Castillo's most recent complaint was made to general manager David (unknown last name) ("GM David") on or about May 6, 2024.

96. Mr. Castillo complained about Shoma Bazaar's unpaid tips, unlawful tip confiscation, and violations of federal and state minimum wage law.

97. Mr. Castillo had previously complained to the former general manager about Shoma Bazaar's unpaid tips, unlawful tip confiscation, and violation of federal and state minimum wage laws.

98. In conversation, GM David discovered that Mr. Castillo had made previous complaints and that he now had to seek legal representation to enforce his rights.

99. Through the conversation, GM David became aware that Mr. Castillo was the "leader" in having the bartenders and bussers join the current lawsuit against Shoma Bazaar.

100. Mr. Castillo asked GM David to move on to another subject related to work and not this current lawsuit.

101. Shortly thereafter, on or about May 10, 2024, Plaintiff Castillo was not given any work hours for the upcoming week.

102. On May 13, 2024, Defendant terminated Mr. Castillo.

103. As a result of Defendant's actions, by and through the conduct of its agents, employees, or representatives, and Defendant's failure to make prompt remedial action to prevent unlawful tip confiscations and violations of state and federal minimum wage laws, deprived Mr. Castillo of statutory rights under state law.

104. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice and with disregard for his protected rights under the FLSA.

105. Defendant's alleged reasons for terminating Mr. Castillo are pretextual, as described above.

106. Plaintiff Castillo seeks his attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff Antonio Castillo respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, SHOMA GROUP, LLC, and award Plaintiff:

(a) unliquidated damages; (b) front and back pay; (c) liquidated damages; (d) all reasonable attorney's fees and costs permitted under law, and any and all such further relief as this Court may deem just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 29, 2024                                    Respectfully Submitted,

                                                     By:     /s/ *Andres F. Vidales*
                                                          **Andres F. Vidales, Esq.**
                                                          Florida Bar No.: 1041185
                                                          *Counsel for Plaintiffs*
                                                          9300 S. Dadeland Blvd., 4th Floor
                                                          Miami, FL 33156
                                                          Tel: (305) 670-1101
                                                          Fax: (305) 670-1161
                                                          rclyne.pleadings@qpwblaw.com
                                                          reginald.clyne@qpwblaw.com
                                                          andres.vidales@qpwblaw.com
                                                          cecilia.quevedo@qpwblaw.com
                                                          sofia.arcila@qpwblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished on the 29th day of May, 2024 via Electronic Service to all parties on the service list.

                                                     By:     /s/ *Andres F. Vidales*
                                                          **Andres F. Vidales, Esq.**
                                                          Florida Bar No.: 1041185