UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:24-cv-22055-RKA

ANTONIO CASTILLO, et al.,

      Plaintiffs,

v.

SHOMA GROUP, LLC
d/b/a SHOMA BAZAAR,
SHOMA BAZAAR ONE, LLC,
MASOUD SHOJAEE, PAUL J. PRICE,
and STEPHANIE SHOJAEE,

      Defendants.

                             /

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED
CLASS ACTION COMPLAINT**

Defendants, Shoma Group, LLC[1] ("Shoma Group"), Shoma Bazaar One, LLC ("Shoma Bazaar"), Masoud Shojaee, Paul J. Price, and Stephanie Shojaee file their Answer and Affirmative Defenses to the Amended Complaint filed by Plaintiffs (the "Amended Complaint"). All allegations in the Amended Complaint which are not specifically admitted herein are denied.

**ANSWER**

1.     Defendants admit that Plaintiffs purport to bring this suit under the FLSA and FMWA and Florida Constitution, but deny any liability and deny that Plaintiffs are entitled to any damages whatsoever.

2.     Denied.

3.     Denied.

---

[1] Shoma Group, LLC is identified in the Amended Complaint as Shoma Group, LLC d/b/a Shoma Bazaar, but Shoma Group, LLC does not do business as Shoma Bazaar.

4.     Defendants admit that Castillo is over the age of eighteen but are without knowledge of Castillo's county of residence and therefore deny the allegations regarding same.

5.     Defendants admit that Mendez is over the age of eighteen but are without knowledge of Mendez's county of residence and therefore deny the allegations regarding same.

6.     Defendants admit that Lopez is over the age of eighteen but are without knowledge of Lopez's county of residence and therefore deny the allegations regarding same.

7.     Defendants admit that Love is over the age of eighteen but are without knowledge of Love's county of residence and therefore deny the allegations regarding same.

8.     Defendants admit that Castrillo is over the age of eighteen but are without knowledge of Castrillo's county of residence and therefore deny the allegations regarding same.

9.     Defendants admit that Exposito is over the age of eighteen but are without knowledge of Exposito's county of residence and therefore deny the allegations regarding same.

10.     Defendants admit that Colbas is over the age of eighteen but are without knowledge of Colbas's county of residence and therefore deny the allegations regarding same.

11.     Defendants admit that Flores is over the age of eighteen but are without knowledge of Flores's county of residence and therefore deny the allegations regarding same.

12.     Defendants admit that Fernandes is over the age of eighteen but are without knowledge of Fernandes's county of residence and therefore deny the allegations regarding same.

13.     Defendants admit that Villareal is over the age of eighteen but are without knowledge of Villareal's county of residence and therefore deny the allegations regarding same.

14.     Defendants admit that Choi is over the age of eighteen but are without knowledge of Choi's county of residence and therefore deny the allegations regarding same.

15.     Defendants admit that Gianos is over the age of eighteen but are without knowledge

2

of Gianos's county of residence and therefore deny the allegations regarding same.

16. Shoma Bazaar admits that it employed Plaintiffs as non-exempt front of the house employees.  The remaining Defendants deny that they were an employer of Plaintiffs.

17. Shoma Bazaar admits that Plaintiffs were employed by it as non-exempt bartenders, bussers and/or barbacks and that they purport to sue on a class basis but deny that Plaintiffs are similarly situated to one another or to anyone else and deny that class or collective treatment is appropriate. The remaining Defendants deny that they were an employer of Plaintiffs.

18. Shoma Bazaar admits that it employed Plaintiffs as bartenders, bussers and/or barbacks at Shoma Bazaar within the last three years.  The remaining Defendants deny that they were an employer of Plaintiffs.

19. Denied.

20. Shoma Bazaar admits that Plaintiffs purport to sue on a class and/or collective basis but deny that Plaintiffs are similarly situated to one another or to anyone else and deny that class or collective treatment is appropriate.

21. Shoma Bazaar admits that Plaintiffs purport to sue on a class and/or collective basis but deny that Plaintiffs are similarly situated to one another or to anyone else and deny that class or collective treatment is appropriate.

22. Shoma Bazaar admits that Plaintiffs purport to sue on a class and/or collective basis but deny that Plaintiffs are similarly situated to one another or to anyone else and deny that class or collective treatment is appropriate.

23. Shoma Bazaar admits that it has records identifying the exact dates it employed Plaintiffs as front-of-the-house tipped employees.

24. Denied.

25. Denied.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Shoma Bazaar admits that it employed Plaintiffs. The remaining Defendants deny that they were an employer of Plaintiffs.

32. Shoma Bazaar admits that it employed Plaintiffs and had control and decision-making authority over the hiring, firing, scheduling, day-to-day operations and pay practices of the Shoma Bazaar food hall. The remaining Defendants deny that they were an employer of Plaintiffs or that they had control and decision-making authority over the hiring, firing, scheduling, day-to-day operations and pay practices of the Shoma Bazaar food hall.

33. Shoma Bazaar admits that it employed Plaintiffs and implemented pay, tip and time-keeping practices at the Shoma Bazaar food hall. The remaining Defendants deny that they were an employer of Plaintiffs and deny that they implemented pay, tip and time-keeping practices at the Shoma Bazaar food hall.

34. Defendants admit that this Court has jurisdiction but deny all other allegations in paragraph 34 of the Amended Complaint.

35. Defendants admit that this Court has jurisdiction but deny all other allegations in paragraph 35 of the Amended Complaint.

36. Defendants admit that venue is proper, but deny that that alleged acts/omissions occurred.

37. Defendants admit that venue is proper but deny any remaining allegations in paragraph 37 of the Amended Complaint.

38. Denied.

39. Denied.

40. Denied.

41. Shoma Bazaar admits that it is an enterprise covered by the FLSA, but Shoma Group denies the allegations in paragraph 41 of the Amended Complaint.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58.     Denied.

59.     Denied.

60.     Denied

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Shoma Bazaar admits that a tip credit was claimed for some of the Plaintiffs.

Defendants deny any remaining allegations in paragraph 80 of the Amended Complaint.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Plaintiffs' purported summary of Federal and Florida law does not require a response. To the extent a response is required, Defendants deny that they violated any law.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

94.     Defendants re-allege and re-aver their responses to paragraphs 1-93 as though set forth fully herein.

95.     Shoma Bazaar admits that it employed Plaintiffs.  Defendants deny any remaining allegations in paragraph 95 of the Amended Complaint.

96.     Plaintiffs' purported summary of Federal and Florida law does not require a response. To the extent a response is required, Defendants deny that they violated any law.

97.     Plaintiffs' purported summary of the FLSA does not require a response. To the extent a response is required, Defendants deny that they violated the FLSA.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Wherefore clause following paragraph 106 of the Amended Complaint.

107.    Defendants re-allege and re-aver their responses to paragraphs 1-93 as though set forth fully herein.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Defendants deny that Plaintiffs are entitled to any of the relief requested in the

Wherefore clause in paragraph 117 of the Amended Complaint.

118.     Defendants re-allege and re-aver their responses to paragraphs 1-93 as though set forth fully herein.

119.     Denied.

120.     Denied.

121.     Denied.

122.     Denied.

123.     Denied.

124.     Denied.

125.     Admitted.

126.     Admitted.

127.     Denied.

128.     Denied.

129.     Denied.

Defendants deny that Plaintiffs are entitled to any of the relief requested in the Wherefore clause following paragraph 129 of the Amended Complaint.

130.     Defendants re-allege and re-aver their responses to paragraphs 1-93 as though set forth fully herein.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Denied.

135.     Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

Defendants deny that Castillo is entitled to any of the relief requested in the Wherefore clause following paragraph 144 of the Amended Complaint.

145. Defendants re-allege and re-aver their responses to paragraphs 1-93 as though set forth fully herein.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

Defendants deny that Castillo is entitled to any of the relief requested in the Wherefore clause following paragraph 159 of the Amended Complaint.

Defendants deny that Plaintiffs are entitled to a trial by jury on this matter.

## GENERAL DENIAL

Defendants deny each and every allegation not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim against Defendants upon which relief may be granted.

2.    Plaintiffs' claims are barred in whole or in part by the exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207 and 213.

3.    Some or all of Plaintiffs' claims are barred by the limitations period contained in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255 and the FMWA.

4.    Plaintiffs' claims for liquidated damages are barred by the provisions of Section 11 of the Portal-to-Portal Act and by FMWA, because the acts or omissions complained of, which acts are specifically denied by Defendants, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA or FMWA.

5.    Defendants Shoma Group, Masoud Shojaee, Paul J. Price, and Stephanie Shojaee were never an employer of any Plaintiff or purported class member.

6.      Plaintiffs are not entitled to any relief because the acts or omissions complained of, which acts are specifically denied by Defendants, were in good faith conformity with and in reliance upon a written administrative regulation, order, field assistance bulletin, ruling, approval, or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency with respect to the class of employees to which Plaintiffs belonged.

7.      Plaintiffs' claims are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities.

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of de minimis non curet lex.

9.      Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that their own conduct resulted in them not being paid for all hours worked or otherwise compensated in accordance with the FLSA or FMWA.

10.     Plaintiffs were properly compensated for all hours worked.

11.     Individual issues predominate all claims, and therefore none of the claims alleged by Plaintiffs are suitable for class or collective action status.

12.     Plaintiff Castillo's retaliation claims fail, in whole or in part, because he has not mitigated his damages.

13.     To the extent that Plaintiff Castillo has failed to mitigate his damages, Defendants are entitled to a set-off of the amount which Plaintiff earned, or could have earned, through reasonable efforts, and obtained, or could have obtained, through any other pay or benefits.

14.     Plaintiffs' claims for liquidated damages are barred, in whole or in part, on the ground that the imposition of liquidated damages will violate the substantive and procedural safeguards guaranteed to Defendants by the Due Process Clauses of the United States and Florida Constitutions to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate state interests.

15.     Defendants expressly deny that they or any employees under their supervision acted in any manner which violated Plaintiffs' rights.  To the extent, however, that Plaintiffs' rights were violated by an employee of Defendants, such violation occurred outside the scope of employment and without the consent of Defendants.  Defendants neither knew nor had reason to know of any such violation.  Defendants did not condone, ratify, or tolerate any such conduct, but instead prohibited such conduct.

16.     Plaintiff Castillo's claim for back pay and front pay is barred, or at least limited, to the extent that he would have been terminated based on "after acquired" evidence.

17.     All actions taken by Defendants were taken in good faith for legitimate, non-retaliatory reasons.

18.     Plaintiffs' claims against Defendants are frivolous both in factual foundation and legal substance, and Defendants are entitled to an award of their costs and attorneys' fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.

Date: January 3, 2025.                          Respectfully submitted,

                                                By:   /s/Steven A. Siegel
                                                      Steven A. Siegel
                                                      Fla. Bar No. 497274
                                                      ssiegel@fisherphillips.com
                                                      Fisher & Phillips LLP
                                                      201 East Las Olas Boulevard
                                                      Suite 1700
                                                      Fort Lauderdale, Florida 33301
                                                      Telephone (954) 525-4800

                                                      *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **January 3, 2025**, I electronically filed the foregoing

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED**

**COMPLAINT** document with the Clerk of Court using CM/ECF.  I also certify that the foregoing

document is being served this day to all counsel of record identified on the service list in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

and/or via U.S. Mail.

                                                /s/Steven A. Siegel
                                                Steven A. Siegel
                                                Fla. Bar No. 497274
                                                ssiegel@fisherphillips.com
                                                FISHER & PHILLIPS LLP
                                                201 East Las Olas Boulevard
                                                Suite 1700
                                                Fort Lauderdale, FL 33301
                                                Telephone (954) 525-4800
                                                Facsimile (954) 525-8739

                                                *Attorney for Defendants*