UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-22055-ALTMAN/Lett

**ANTONIO CASTILLO,** *et al.*,

    *Plaintiffs*,

*v.*

**SHOMA GROUP, LLC,** *d/b/a*
**SHOMA BAZAAR**, *et al.*,

    *Defendants.*
_____/

**ORDER**

    The parties have jointly moved to sever Counts IV–VII of the Second Amended Complaint under FED. R. CIV. P. 21. *See* Motion to Sever [ECF No. 58]. Although the parties have reached a settlement as to the "wage-based class and collective action" claims, they believe that "[t]he presence of the retaliation claims in the same lawsuit will complicate the settlement paperwork and administration of the class and collective action and potentially create confusion amongst class members upon receiving notice of the settlement." *Ibid.* Accordingly, the "Defendants consent to Plaintiffs filing another amended complaint in the new action, adding the fourteen additional retaliation claims (and excluding the wage and hour claims that will remain in this action)." *Id.* at 3.

    We have "broad discretion when deciding whether to sever claims under Rule 21 and may consider factors such as judicial economy, case management, prejudice to parties, and fundamental fairness." *Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, 2013 WL 3197041, at *2 (M.D. Fla. June 21, 2013) (Whittemore, J.). Here, the parties have shown that severing this case will facilitate a settlement as to the wage-based, class- and collective-action claims and "increase the likelihood of potentially resolving some or all of the individual retaliation claims" without prejudicing any of the parties. Motion at 4. Severance is clearly proper under these circumstances. *See Gonzalez v. Batmasian*,

320 F.R.D. 580, 581 (S.D. Fla. 2017) (Middlebrooks, J.) ("In determining whether to sever a claim under Rule 21, courts consider . . . whether severance would facilitate settlement or judicial economy, and the relative prejudice to each side if the motion is granted or denied." (cleaned up)).

1. The Joint Motion to Sever [ECF No. 58] is **GRANTED**.

2. The retaliation claims of the Plaintiffs, Antonio Castillo and Margarelys Flores, as alleged in Counts IV–VII of the Second Amended Complaint [ECF No. 30], are **SEVERED** from the remaining claims.

3. We **DIRECT** the Clerk of Court to open a new civil case for Plaintiffs Antonio Castillo and Margarelys Flores against the Defendants. The Clerk shall docket the Second Amended Complaint [ECF No. 30] and this Order in the newly-opened civil case.

4. By **June 12, 2025**, the Plaintiff shall both: (1) pay the appropriate filing fee to open this new civil case; and (2) file a new amended complaint which asserts all proposed retaliation claims against the Defendants.

**DONE AND ORDERED** in the Southern District of Florida on May 22, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record