UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:24-cv-22055-EAL

ANTONIO CASTILLO, et al.,

     Plaintiffs,

v.

SHOMA GROUP, LLC
d/b/a SHOMA BAZAAR,
SHOMA BAZAAR ONE, LLC,
MASOUD SHOJAEE, PAUL J. PRICE,
and STEPHANIE SHOJAEE,

     Defendants.

_____/

## ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS AND CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

**THIS CAUSE** is before the Court on the parties' Joint Motion for Final Approval of Class Settlement, Certification of the Settlement Class and Class Counsel's Application for Attorneys' Fees and Expenses [ECF No. 73]. Having reviewed the Motion, the Settlement Agreement, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Final Approval of Settlement Agreement**

1. The Court held a Final Approval Hearing on February 25, 2026 [ECF No. 75], at which time the Parties and all other interested persons were afforded

the opportunity to be heard in support of and in opposition to the Settlement. Based on the papers filed with the Court and the presentations made to the Court by the Parties at the Final Approval Hearing, as well as the fact that there were no objections to the Settlement filed by any Class Member, the Court finds, for the purposes of final approval, that the settlement, as set forth in the Parties' Class Settlement Agreement (the "Settlement Agreement") [ECF No. 65-1], is fair, reasonable, adequate, and in the best interests of the Class.  The Court further finds that the Settlement was entered into at arm's length by competent and experienced counsel with the assistance of an experienced class action mediator.  The Court therefore grants final approval of the Parties' Settlement.

**<u>Class Certification</u>**

2.      The Court grants final collective certification, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"), of a settlement collective whose members are referred to as "FLSA Class Members," and defined as:

> all hourly employees of Shoma Bazaar One, LLC other than the Named Plaintiffs who were employed in the bar area or as runners or bussers and who worked any shifts at the same time that an alleged manager allegedly participated in the tip pool at the Shoma restaurant located at 9420 N.W. 41st Street, Doral, Florida 33178, from its opening in 2022 through the execution of the Agreement.

All FLSA Class Members who submitted a valid claim form have released all wage and hour claims pursuant to the terms of the Class Settlement Agreement. A Notice identifying all FLSA Class Members who submitted a valid claim form has already been filed with the Court [ECF No. 76].

3.      The Court certifies, pursuant to Federal Rule of Civil Procedure 23, a

settlement class whose members are referred to as "Rule 23 Class Members" and defined as:

> all hourly employees of Shoma Bazaar One, LLC other than the Named Plaintiffs who were employed in the bar area or as runners or bussers and who worked any shifts at the same time that an alleged manager allegedly participated in the tip pool at the Shoma restaurant located at 9420 N.W. 41st Street, Doral, Florida 33178, from its opening in 2022 through the execution of the Agreement.

No Rule 23 Class Members excluded themselves from this Settlement. A Notice identifying all Rule 23 Class Members who are bound by the terms of the Class Settlement Agreement has already been filed with the Court [ECF No. 76].

4. The Court finds: (a) the Rule 23 class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the class; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (d) the representative parties will fairly and adequately protect the interests of the class. The Court further finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

5. The Court appoints Andres Vidales and Vidales Law, as Class Counsel to the Class.

6. The Court orders that because no one objected or opted out, all Class Members are bound by the terms of the Class Settlement Agreement. All Class Members shall receive settlement payments from the Qualified Settlement Fund in the form and amounts provided by the Class Settlement Agreement.

**Notice Satisfied Due Process and Rule 23(e)(1)(B)**

7.     The notice sent to the Class members via First Class Mail adequately informed the Class Members of the terms of the Class Settlement Agreement, their estimated recovery if the settlement was approved, the process available to obtain monetary relief, their right to request exclusion from the Class and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. Thus, the Court finds that the notice provided to the Class Members satisfied the requirements of Federal Rule of Civil Procedure Rule 23(e)(1)(B).

**Settlement Administration**

8.     The Settlement Administration Costs of $4,142.50 are approved and shall be paid to the Settlement Administrator from the Qualified Settlement Fund according to the procedures set forth in the Class Settlement Agreement.

**Attorneys' Fees**

9.     Class Counsel is awarded attorneys' fees and expenses in the amount of $137,753.08, which is fair and reasonable, and will receive such payment from the Qualified Settlement Fund according to the procedures set forth in the Class Settlement Agreement.

**No Admissions and Final Approval**

10.     Neither this Final Approval Order, nor the Class Settlement Agreement, nor the payment of any consideration in connection with the settlement shall be construed or used as an admission or concession by or against Defendants

4

or any of the other Released Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims as set forth in the Class Settlement Agreement. This Final Approval Order is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Defendants or any of the other Released Parties. The Final Approval Order approving the settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiffs, the Class Members, or Defendants.

The Court therefore **APPROVES** the Class Settlement, **CERTIFIES** the Settlement Class, **APPROVES** Class Counsel's Application for Attorneys' Fees and Expenses and **DISMISSES** this action *with prejudice*.

The Clerk of Court is respectfully **DIRECTED** to **CLOSE** this case.

DONE AND ORDERED in Chambers, at Miami, Florida, this 23rd day of June 2026.

_____
JUDGE ENJOLIQUE A. LETT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

5